# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-15060 EEB |
| SUSAN AMINA ELIYA, ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

Jeffrey A. Weinman, chapter 7 trustee, by and through his counsel Wadsworth Garber Warner Conrardy, P.C., for his objection to Debtor's claim of exemption, states as follows:

### Background

1. Susan Amina Eliya ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 27, 2020 (the "Petition Date").

2. Jeffrey A. Weinman is the duly appointed trustee (the "Trustee") of the Debtor's bankruptcy estate ("Estate").

3. Property of the Estate includes real property with the address of 2 Adams Street, Unit 705, Denver, Colorado 80206 (the "Property"). On Debtor's Schedule C, she claimed an exemption to the Property in the amount of $75,000 pursuant to C.R.S. § 38-41-201(a).

4. The Property is subject to a second position deed of trust that Trustee asserts may be avoidable, recovered and preserved pursuant to 11 U.S.C. §§ 544, 547, 548, 550 and 551.

### Argument

5. Section 522(g) provides as follows:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

6. While Trustee is not required to file a pleading with the Court to preserve his rights under § 522(g), he is doing so out of an abundance of caution. *See In re Kuhnel*, 495 F.3d 1177, 1181-1182 (10th Cir. 2007) (while trustee normally has to object to claims of exemption within 30 days of the meeting of creditors, a formal objection is not required to preclude payment to debtor under § 522(g) when trustee has recovered a voluntary transfer made by debtor).

7. Should Trustee prevail on his avoidance claims, Debtor will no longer enjoy an exemption in the Property. *Id.* at 1182; s*ee In re* Bryant, 221 B.R. 262, 264 (Bankr. D. Colo. 1998) (disregarding claim of homestead exemption under § 522(g) because trustee avoided debtor's fraudulent conveyance of one-half interest in property to non-debtor husband).

8. For the above reasons, the claim of exemption to the Property should be denied subject to Trustee prevailing on his avoidance claims.

9. Trustee reserves the right to amend this objection as more information becomes available.

WHEREFORE, Trustee requests entry of an order of the Court denying the Debtor's claim of exemption in the Property and granting such other and further relief as deemed proper.

DATED this 18th day of September, 2020.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ Aaron J. Conrardy*
Aaron J. Conrardy, #40030
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
aconrardy@wgwc-law.com
*Attorneys for Jeffrey A. Weinman, chapter 7 trustee*