## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SUSAN AMINA ELIYA, | ) | Case No. 20-15060 EEB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY A. WEINMAN, | ) | Adv. Proc. No. |
| chapter 7 trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MOHR CAPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jeffrey A. Weinman, chapter 7 trustee, by and through his counsel, Wadsworth Garber Warner Conrardy, P.C., for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (K) and (O).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) and (2) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

6.  Plaintiff Jeffrey A. Weinman is the duly appointed chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") of Susan Amina Eliya ("Debtor"), Case No. 20-15060 EEB.

7.  Defendant Mohr Capital, LLC ("Mohr") is a limited liability company formed and existing under the laws of Colorado.

8.  Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 27, 2020 ("Petition Date").

9.  Property of the Estate includes a fee simple interest in real property with the address of 2 Adams Street, Unit 705, Denver, Colorado 80206 (the "Property").

10. In a Quitclaim Deed dated February 11, 2016, and filed with the Clerk and Recorder for the City & County of Denver, Colorado, on February 12, 2016, at Reception No. 2016018635, Green Star Rising, Inc. ("Green Star") conveyed to Debtor a fee simple interest in the Property.

11. According to Debtor's Schedule D, the Property is subject to a second priority Deed of Trust for the benefit of Mohr securing the sum of $125,000. On Debtor's Schedule D, she indicated that she is personally liable for the obligation.

12. The subject Deed of Trust is dated January 25, 2017 and is between Green Star, as grantor, and Mohr, as beneficiary. The Deed of Trust identifies the Property as security for an indebtedness evidenced by a promissory note dated January 26, 2017 in the original principal amount of $100,000.

13. Debtor signed the Deed of Trust as "Director" of Green Star.

14. Debtor is not listed as a grantor on the Deed of Trust and did not execute the Deed of Trust in her individual capacity.

15. The Deed of Trust was filed with the Clerk and Recorder for the City & County of Denver, Colorado, on September 18, 2019, at Reception No. 2019127051.

16. When the Deed of Trust was recorded, Green Star was not the record owner of the Property.

## FIRST CLAIM FOR RELIEF
**(Avoid, Recover and Preserve Transfer – 11 U.S.C. §§ 544(a), 550(a) and 551))**

17. Trustee incorporates by this reference the allegations contained in paragraphs 1 through 16 above as though more fully set forth in this First Claim for Relief.

18. The recordation of the Deed of Trust is a transfer as that term is defined by 11 U.S.C. § 101(54) (the "Transfer").

19. Pursuant to 11 U.S.C. § 544(a), Trustee has, as of the commencement of the case, "the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by" (1) a judgment lien creditor or (2) an execution lien creditor.

20. The rights of the hypothetical interest holders described in § 544(a) are determined by reference to state law.

21. Pursuant to C.R.S. § 38-35-109, on the Petition Date, the Deed of Trust was not a perfected lien against the Property.

22. Mohr therefore has no right, title or interest in and to the Property.

23. As of the Petition Date, a judgment lien creditor and/or an execution lien creditor would have the right and power to avoid the Transfer by virtue of its superior interest in the Property.

24. The Transfer is therefore avoidable by Trustee and the Deed of Trust may be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 544(a), 550(a) and 551.

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against Mohr (a) avoiding the Transfer pursuant to 11 U.S.C. § 544(a), (b) recovering and preserving the avoided Deed of Trust pursuant to 11 U.S.C. §§ 550(a) and 551, and (c) and granting such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Avoid, Recover and Preserve Transfer – 11 U.S.C. §§ 547(b), 550(a) and 551)**

25. Trustee incorporates by this reference the allegations contained in paragraphs 1 through 24 above as though more fully set forth in this First Claim for Relief.

26. The determination of whether the Transfer is preferential pursuant to 11 U.S.C. § 547(b) is made as of the Petition Date.

27. The Transfer was made for the benefit of the Debtor.

28. The Transfer was made for or on account of an antecedent debt owed by Debtor before the Transfer was made.

29. The Transfer was made while Debtor was insolvent.

30. The Transfer occurred immediately before the Petition Date pursuant to 11 U.S.C. § 547(e)(2)(C), and therefore was made on or within 90 days prior to the Petition Date.

31. The Transfer enabled the Mohr to receive more than the Mohr would have received in Debtor's chapter 7 case if the Transfer had not been made and the Mohr had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

32. The Transfer is therefore avoidable by Trustee and the Deed of Trust may be recovered and preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§ 547(b), 550(a) and 551.

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against the Mohr (a) avoiding the Transfer pursuant to 11 U.S.C. § 547(b), (b) recovering and preserving the Deed of Trust pursuant to 11 U.S.C. §§ 550(a) and 551, and (c) and granting such other relief as the Court deems appropriate.

Dated this 27th day of October, 2020.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ Aaron J. Conrardy*
Aaron J. Conrardy, #40030
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
aconrardy@wgwc-law.com
*Attorneys for Plaintiff Jeffrey A. Weinman, chapter 7 trustee*